**PEABODY COAL CO., Plaintiff,**

v.

**UNITED MINE WORKERS OF AMERICA, District 11 and Local Union No. 1189 of the United Mine Workers of America, and Roger Myer, District Representative of UMWA District 11; George Hadley, President of UMWA Local 1189; James Heck, Vice–President of UMWA Local 1189; Greg Perrigo, Secretary–Treasurer of UMWA Local 1189, Individually and as Officers of District 11 and/or Local Union No. 1189 and Representatives of the Class of all Union Members in Local 1189 employed by Plaintiff, Defendants.**

No. EV 91–115–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Sept. 9, 1993.

---

1. *Niagara Hooker Emp. Union v. Occidental* *Chemical,* 935 F.2d 1370 (2nd Cir.1991).

Arthur D. Rutkowski, Bowers Harrison Kent & Miller, Evansville, IN, for Peabody Coal Co.

Andrew S. Ward, Berger & Berger, Evansville, IN, for UMW Local 1189, George Hadley, James Heck, Greg Perrigo.

### *ORDER*

BROOKS, Chief Judge.

This matter comes before the Court on Peabody's Motion for Leave to Amend Complaint pursuant to F.R.C.P. 15(a) to add an additional party plaintiff. The Court construes this as a motion to add a party pursuant to F.R.C.P. 21. The tendered amended complaint states that, "this is an action for a violation of a collective bargaining agreement between the employer and a labor organization." Tendered amended complaint at ¶ 1. Defendants answer that Squaw Creek Coal Company is not an employer under the collective bargaining agreement. Based on documents submitted under seal, this Court agrees that Squaw Creek is not an employer. Peabody, citing to *Souter v. UAW*, 993 F.2d 595, 597 n. 1 (7th Cir.1993), replies that Squaw Creek need not be an employer, but may bring suit as a third-party beneficiary. *Souter* does not refer to incorporating state law into the interpretation of § 301. This Court does not have any reason to believe that *Souter* created a cause of action for third-parties or incorporated the holding of *Karo v. San Diego Symphony Orchestra Ass'n*, 762 F.2d 819 (9th Cir.1985) when, in a footnote, it cited *Karo* in support of a second-

ary rational. If Peabody had a more convincing citation, this Court believes that it would have provided it. If the Circuit Court had intended to create a new cause of action, this Court believes that it would have stated its intention more clearly.

The Court being duly advised, it is

ORDERED that Peabody's Motion for Leave to Amend Complaint is DENIED this 9th day of September 1993 in Evansville, Indiana.